UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM B. SKINNER                                                                                          PLAINTIFF

VS.                                                                        CIVIL ACTION NO.: 3:10cv358-DPJ-FKB

HINDS COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS, ET AL.                                      DEFENDANTS

ORDER

This civil-rights case is before the Court on Defendant Keith Booth's Motion to Dismiss [34]. Plaintiff William B. Skinner responded in opposition, and Booth waived reply. The Court, having fully considered the premises, finds that the motion should be denied.

I.      Facts/Procedural History

According to Skinner, members of the Hinds County Sheriff's Department used excessive force when arresting him in his home on July 1, 2007. He also contends that he was placed in a cell with other inmates who beat him while officers watched and/or listened, and that he was thereafter denied medical treatment. Booth moved to dismiss under Rule 12(b)(6), although he did attach an affidavit. In his response [84] and supporting memorandum [85] opposing dismissal, Skinner attaches Booth's deposition testimony suggesting that Booth administered the force at Skinner's home. Skinner also contends that the factual averments of the Amended Complaint are sufficient to withstand Rule 12(b)(6). Those allegations include a claim that Booth filed false charges so that Skinner would be denied bond. Booth filed no reply, and the time to do so has now passed.

II.     Standard

    A.     Rule 12(b)(6)

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Iqbal* at 1965).

Finally, both parties present supporting record evidence, and neither asks the Court to convert the motion to a Rule 56(a) motion.  The Court declines to consider that evidence because it appears that the parties did not attempt to fully explore the factual issues beyond the averments

of the Complaint. In fact, Booth states in his memorandum that he "recognize[s] the current procedural posture of this litigation[, and] request[s] the opportunity to file an amended dispositive motion as may be necessary after the discovery phase on qualified immunity has closed." Def.'s Mem. [35] at 2, n.2. Accordingly, the Court has disregarded the additional evidence and will not convert the motion under Rule 12(d).

      B.      <u>Qualified Immunity</u>

Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id*. (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Courts use a two-step analysis to determine whether qualified immunity applies. "[A] court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, if a violation has been alleged, the court must determine "'whether [the officer's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'" *Id*. (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)). "The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v.*

*Upshur Cnty., TX*, 245 F.3d 447, 457 (5th Cir. 2001). Thus, "[a]n official is eligible for qualified immunity even if the official violated another's constitutional rights." *Id*. Whether the official acted with objective reasonableness is an issue of law reserved for the court. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

III.     Analysis

Booth offers a narrow read of the Complaint, asserting that the only factual allegation as to him is that he transported Skinner to the detention center. He therefore argues that "Plaintiff fails to put forth any facts whatsoever that demonstrate that Booth violated a clearly established constitutional right." Def.'s Mem. [35] at 3. But the Complaint said more. In it, Skinner does aver that Booth transported him to the detention center, but he also states that Booth was present and "either assisted other Defendants or unknown persons with the beating and/or he failed to intervene, report and/or stop the beating while observing the same taking place in his presence . . . ." Compl. [1] ¶7. Moreover, Skinner claims that Booth and others placed him in a cell and "allowed other cellmates to beat him while they watched and listened." *Id*. ¶1. Skinner makes these same claims in his Amended Complaint [72], filed after Booth's motion. *See* Am. Comp. [72] ¶ 35 (claiming that Booth allowed the cellmates to beat him). The Amended Complaint also contends that Boone falsely charged Skinner with being a felon in the possession of a firearm to preclude him from obtaining bond.

In his Response [85], Skinner mentions the allegations regarding the alleged beating at the detention center—a claim that is clearly stated in the Amended Complaint. Am. Comp. [72] ¶ 35. But he focuses most of his attention on the alleged force used at his home and on the firearm charge. The Amended Complaint seems somewhat thin on Booth's involvement at

4

Skinner's home, and much of his argument is based on evidence the Court has not considered in the Rule 12(b)(6) context. The averments regarding the firearm charge do implicate Booth directly.

Although Booth has not addressed the specific allegations of the Amended Complaint, the Fourth Amendment right to be protected from excessive force is clearly established. *See Colston v. Barnhart*, 130 F.3d 96, 102 (5th Cir. 1997). And the allegations of the Amended Complaint are sufficient as to Booth to satisfy Skinner's pleading requirements. To the extent the firearm charge is pursued as a mere malicious prosecution—which is not clear—it may not be a clearly established constitutional right. *See Castellano v. Fragozo*, 352 F.3d 939, 941 (5th Cir. 2003) (en banc). But at this point, neither party has addressed that issue, and the Court is reluctant to do so on its own.

Accordingly, the Court finds that the motion should be denied without prejudice to Booth's right to assert qualified immunity on a more complete record.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE