UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM B. SKINNER                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 3:10cv358-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, et al.                                    DEFENDANTS

ORDER

This § 1983 case is before the Court on several motions:  the Motion to Dismiss State

Law Claims with Prejudice [115] of Defendants Hinds County, Mississippi, by and through its

Board of Supervisors, the Hinds County Sheriff Department, Sheriff Malcolm McMillin, in his

official capacity, Deputy Lurenza Clincy, in his official capacity, and Deputy Milton Reed, in his

official capacity (collectively, "the Hinds County Defendants"); Defendant Hinds County Sheriff

Department's separate Motion to Dismiss with Prejudice [117]; and the Hinds County

Defendants' Motion for Partial Summary Judgment as to State Law Claims and Claims for

Punitive Damages [126].  For the reasons that follow, the motions are all granted.

I.       Facts and Procedural History

Plaintiff William B. Skinner filed this action against the Hinds County Defendants;

McMillin, Clincy, and Reed in their individual capacities; the City of Jackson; and Jackson

Police Officer Keith Booth, for alleged constitutional violations that occurred while Skinner was

detained in the Hinds County Detention Center.  Skinner's Amended Complaint includes federal

claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state-law claims for battery, assault,

civil conspiracy, breach of fiduciary duty, the tort of outrage, intentional infliction of emotional

distress, slander, and slander *per se*.  The pending motions have been fully briefed, and the Court

is prepared to rule.

II.      Standards

Defendants have moved for relief alternatively under Rule 12 and Rule 56, implicating

two standards.  In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded

facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr.*

*Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v.*

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at

570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at

555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.    Analysis

   A.    Hinds County Defendants' Motion to Dismiss [115]

The Hinds County Defendants assert that Skinner's state-law claims against them are due to be dismissed for failure to file a notice of claim under the Mississippi Tort Claims Act ("MTCA") and because they are time-barred.  In response, Skinner does not dispute that he failed to comply with the MTCA notice requirements or that his state-law claims are untimely.  Instead, Skinner argues that the Hinds County Defendants "failed to timely raise [these] defense[s] given their active participation in this litigation since the filing of the initial complaint."  Pl.'s Resp. [122] at 3.

"Ordinarily, delay [in pursuing affirmative defenses] coupled with active participation in a lawsuit serves to waive affirmative defenses that otherwise would terminate the action." *Price v. Clark*, 21 So. 3d 509, 524 (Miss. 2009) (citations omitted).  But even "a 'long delay' is not enough, 'standing alone,' to constitute waiver of an affirmative defense." *Kinsey v. Pangborn*

3

*Corp.*, 78 So. 3d 301, 306 (Miss. 2011) (citing *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006)).  Instead, the delay must be both "substantial and unreasonable" and accompanied by "active participation in the litigation process" to amount to a waiver.  *Id.*  The Court concludes that the Hinds County Defendants neither substantially delayed pursuing their affirmative defenses under the MTCA nor actively participated in the litigation.

The procedural history of this case reflects no such waiver.  On November 15, 2010, before the Court held a Case Management Conference, McMillin, in his individual capacity, filed a motion for summary judgment premised on qualified immunity.  Pursuant to Local Rule 16(b)(3)(B), "all proceedings, except those specifically related to the resolution of the immunity issue," were stayed by order dated November 16, 2010 [21].  On March 7, 2011, Clincy and Reed, in their individual capacities, likewise moved for summary judgment based on qualified immunity.  On September 29, 2011, the Court entered an order granting McMillin's qualified-immunity motion.  Despite the fact that Clincy and Reed's qualified-immunity motion remained pending, the Court erroneously lifted the stay on December 12, 2011.  Clincy and Reed immediately moved to reinstate the stay, and on February 14, 2012, the Court again stayed the case.  No discovery was exchanged between December 12, 2011, and February 14, 2012, and no CMC took place.

On September 7, 2012, the Court granted in part and denied in part Clincy and Reed's motion.  Clincy and Reed appealed the partial denial of qualified immunity, and the Court entered an order continuing the stay pending appeal.  The Fifth Circuit dismissed the appeal on May 24, 2013, the stay was finally lifted on June 11, 2013, and the parties participated in a CMC

on June 27, 2013.  The instant motions to dismiss and for summary judgment were filed shortly

thereafter.

      Although this case has been pending for more than three years, with the exception of a

brief period of time when the stay was erroneously lifted, the case was stayed until June of this

year pending resolution of the qualified-immunity issues.  The Hinds County Defendants raised

the MTCA-based defenses in their initial answer filed before the case was stayed and reasserted

those defenses in their answer to the amended complaint.  And just over one month following the

lifting of the stay, the Hinds County Defendants pressed the defense in their motion to dismiss.

There was no substantial delay in pursuing the MTCA-based defenses.  *See Kimball Glassco*

*Residential Ctr., Inc. v. Shanks*, 64 So. 3d 941, 945 (Miss. 2011) ("To pursue an affirmative

defense means 'to plead it, bring it to the court's attention, and request a hearing.'" (citing *Estate*

*of Grimes v. Warrington*, 982 So. 2d 365, 370 (Miss. 2008))).

      Nor did the Hinds County Defendants actively participate in the litigation, which was at a

functional standstill as to all but the individual-capacity claims due to the pendency of the

qualified-immunity motions and the subsequent appeal of the Court's order thereon.  While the

litigation was certainly active during the stay, producing 90 docket entries between the initial

entry of the stay and the June 11, 2013 Text Order finally lifting the stay, the litigation centered

on the individual defendants' immunity motions.  Indeed, the case was stayed *except as to* the

immunity issues.  *See* L. U. Civ. R. 16(b)(3).  And a review of the pertinent docket entries shows

that the Hinds County Defendants—as distinct from the individual defendants acting in their

individual capacities—served no discovery requests or responses until the July 15, 2013 service

of their initial disclosures.  The Hinds County Defendants did not actively participate in the

5

litigation before pursuing their MTCA-based defenses.  Those defenses have not been waived, and the Hinds County Defendants are entitled to dismissal of the state-law claims for failure to file a notice of claim under the MTCA and because the claims are time-barred.

      B.      Hinds County Sheriff Department's Motion to Dismiss [117]

The Hinds County Sheriff Department filed its own motion to dismiss, asserting that it is not a separate legal entity from Hinds County, Mississippi, and that it is therefore not capable of being sued. Mot. [117] at 2.  Skinner responded with no objection to the dismissal of the Sheriff Department [124].  Therefore, Hinds County Sheriff Department's Motion to Dismiss with Prejudice [117] is granted.

      C.      Hinds County Defendants' Motion for Partial Summary Judgment [126]

Finally, the Hinds County Defendants assert that they are entitled to partial summary judgment on Skinner's claim for punitive damages. *See Stern v. Hinds Cnty., Miss.*, 436 F. App'x 381, 382 (5th Cir. 2011) (explaining that a plaintiff "cannot recover punitive damages from Hinds County" under § 1983).  In his response, Skinner does not address the punitive-damages argument.[1]  The motion appears meritorious, and the Court otherwise construes the claim for punitive damages as abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [his] complaint constituted abandonment." (citation omitted)).  The Motion for Partial Summary Judgment [126] is granted.

---

[1]Skinner's response focuses on the Hinds County Defendants' summary-judgment arguments regarding Skinner's state-law claims, which have been disposed of by the Court's order on those defendants' motion to dismiss.

IV.     Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Hinds County Defendants' Motion to Dismiss [115] is granted and the state-law claims against them are dismissed with prejudice; the Hinds County Sheriff Department's Motion to Dismiss [117] is granted and all claims against the Sheriff Department are dismissed with prejudice; and the Hinds County Defendants' Motion for Partial Summary Judgment [126] is granted.  Skinner's claims for punitive damages are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 17th day of October, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE